UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA PARRIS, | : | 3:10CV1128 |
|     Plaintiff, | : | |
| v. | : | |
| CHARLES PAPPAS, ROBIN DELANEY, | : | |
| ANNA LEXIS, LLC, and NORMANDIES | : | |
| PARK, LLC, | : | |
|     Defendants. | : | |

## RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Donna Parris seeks a preliminary injunction to require defendants mobile home park owners Charles Pappas, Robin Delaney, Anna Alexis, LLC and Normandies Park, LLC to (1) grant her request for a reasonable accommodation of a live-in aide, (2) prohibit defendants from evicting plaintiff or threatening to evict plaintiff because of her live-in aide, and (3) direct defendants to withdraw the Notice to Quit delivered on March 24, 2010. Defendants have been served but have failed to file any appearance in or response to this action. The Court has granted default judgment in favor of plaintiff.

## BACKGROUND

The following facts are reflected in the affidavit and evidentiary materials supporting the motion for preliminary injunction.

Plaintiff owns a mobile-manufactured home located on a rented parcel of land known as Lot # 6 at defendants' Normandies Park in Dayville, Connecticut. The existing lease agreement requires defendants to maintain and service the septic system.

The Social Security Administration has deemed plaintiff disabled as a result of her diabetes mellitus, retinopathy, generalized sensory-motor polyneuropathy, bilateral

1

ulnar neuropathy and orthostatic hyptension. Plaintiff's disabilities cause frequent drops in blood pressure that lead to her loss of consciousness, eye problems and significant nerve damage in her extremities. Plaintiff requires a 24-hour live-in aide to manage her federally-recognized disabilities. Her physician requested this reasonable accommodation in writing, but defendants denied this request and have sought to evict plaintiff on the ground that her live-in aide is an "unauthorized tenant."

In February 2009, an aide did move into plaintiff's home to provide 24-hour care. Defendants have been aware of the aide since the time he moved into plaintiff's home and have accepted monthly rental checks from the aide.

Defendants have pressured plaintiff to alter the existing lease agreement so that plaintiff would bear the burden of repairing and maintaining the septic system. After plaintiff reported that the septic system had overflowed to the Town of Killingly, defendants sent plaintiff a letter stating that she was in violation of her lease because she had an unauthorized tenant and an unauthorized shed on the property. Defendants also instituted eviction proceedings against plaintiff for having a 24-hour live-in aide.

On March 23, 2010, defendants' attorney issued an ultimatum allowing plaintiff to have a 24-hour live-in aide if she agreed to pay $300 every time the septic tank required servicing; if she did not agree, defendants would evict her. The following day, defendants served plaintiff with a "Notice to Quit," alleging that she had an unauthorized tenant and an unauthorized shed on the property. Defendants have also filed and

2

served in Connecticut Superior Court a Summary Process Complaint dated June 17, 2010.

## DISCUSSION

A party seeking a preliminary injunction must show irreparable harm and either likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. Citigroup Global Mkts. v. VCG Special Opportunities Master Fund Limited, 598 F.3d 30, 35 (2d Cir. 2010). Where a plaintiff demonstrates a likelihood of success on the merits of a FHA claim, irreparable harm may be presumed. Laflamme v. New Horizons, Inc., 514 F.2d 250, 254 (D. Conn. 2007).

Here, plaintiff has a likelihood of success on the merits because the Fair Housing Act ("FHA") prohibits discrimination on the basis of disability, which includes any "refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). To establish a violation of the FHA for failure to make a reasonable accommodation, a plaintiff must show that (1) she suffers from a disability as defined by the FHA; (2) defendants knew or reasonably should have known of plaintiff's disability; (3) accommodation of the disability may be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation. Bentley v. Peace & Quiet Realty 2 LLC, 367 F. Supp. 2d 341 (E.D.N.Y. 2005). Upon review of the merits and absent

objection, the Court finds that plaintiff has made the requisite showing of defendants' failure to make a reasonable accommodation as contemplated by the FHA.

Plaintiff has also shown that she will suffer irreparable harm such as risk of injury if she cannot have a 24-hour live-in aide. See Shapiro v. Cadman Towers, Inc, 51 F.3d 328, 331 (2d Cir. 2005) (continued risk of injury constitutes irreparable harm). The record reveals no indication that defendants will suffer any harm by providing this reasonable accommodation.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for a preliminary injunction [doc. #4] is GRANTED.

Accordingly, the Court hereby enters the following preliminary injunction order: (1) defendants shall allow plaintiff the reasonable accommodation for her disabilities of having a 24-hour live-in aide; (2) defendants are prohibited from retaliating against plaintiff; and (3) Normandies Park, LLC shall cease its retaliatory eviction proceeding against plaintiff.

Dated at Bridgeport, Connecticut, this 14th day of December, 2010.

_____/s/_____
Warren W. Eginton
Senior United States District Judge