```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DONNA PARRIS                  :
                              :
                              :
                              :
v.                            :   CIV. NO. 3:10CV1128 (WWE)
                              :
CHARLES PAPPAS,               :
ROBIN DELANEY,                :
ANNA LEXIS, LLC, and          :
NORMANDIES PARK, LLC          :
                              :
```

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff seeks a total of $109,927.50 in attorneys' fees as a prevailing party under the Federal Housing Act, 42 U.S.C. §3613(c)(2) and Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110g(d)[1]. Defendants do not dispute that plaintiff is a prevailing party. Rather, they dispute the reasonableness of the fees claimed.

For the reasons set forth below, plaintiff's motions for attorneys' fees are **GRANTED** in the amount of $87,392.50. **[Doc. #72, 80]**.

Standard

"The district court retains discretion to determine . . . what constitutes a reasonable fee." Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting LeBlanc-Sternberg

---

[1] The Court found a mathematical error. The total fee sought by plaintiff is $109,927.50 rather than $109,942.50.

v. Fletcher, 143 F.3d 748, 758 (2d Cir. 1998)).  Both our Circuit Court "and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Id. (Citing Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); see also Perdue v. Kenny A. ex rel. Winn, --- U.S. ---, 130 S. Ct. 1662, 1673 (2010)). The lodestar method of calculating fee, while not conclusive, is presumptively reasonable absent extraordinary circumstances.  Id.; Perdue, 130 S. Ct. at 1674.  "[C]ompliance with the Supreme Court's directive that fee award calculations be objective and reviewable,' implies the district court should at least provide the number of  hours and hourly rate it used to produce the lodestar figure." Id. 658 F.3d at 166-67 (citing Perdue, 130 S. Ct. at 1674).  In Perdue, the Court rejected the use of the twelve Johnson[2] factors as a method for calculating attorney's fees, stating that the method "gave very little actual

---

[2] The Johnson factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430, n. 3 (1983).

guidance to the district courts". 130 S. Ct. at 1672 (citations omitted).

Requested Attorneys' Fees

| Attorney | Hours | Rate | |
|---|---|---|---|
| Greg Kirschner | 26 | $275 | $ 7,150 |
| Timothy Bennett-Smyth | 315 | $200 | $63,000 |
| Michael Coolican | 86.6 | $375 | $32,475 |
| Ben Krowicki | 12.7 | $575 | $ 7,302.50 |
| **TOTAL** | | | **$ 109,927.50** |

Plaintiff's 'Presumptively Reasonable' Fee

"[T]he process is really a four-step one, as the court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." Adorno v. Port Authority of New York and New Jersey, 685 F. Supp. 2d 507, 51 (S.D.N.Y. 2010).

    1.   Reasonable Hourly Rate

"[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Perdue, 130 S. Ct. at 1672. Reasonable hourly rates "are in line with those prevailing in the community for similar services by lawyers of reasonably

3

comparable skill, experience and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984). There is a rebuttable presumption that the reasonable hourly rate is one based on prevailing fees in the district where the case was litigated. <u>See</u> <u>Arbor Hill</u>, 522 F.3d at 191-193. A reasonable hourly rate is "the rate a paying client would be willing to pay." <u>Id.</u> at 190. "[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment." <u>LeBlanc-Sternberg v. Fletcher</u>, 143 F.3d 748, 764 (2d Cir. 1998).

In support of her request for attorneys' fees, plaintiff submitted the declarations of Attorney Greg Kirschner, Legal Director of The Connecticut Fair Housing Center, Inc. ("CFHC") dated May 17 and June 14, 2011 and the declaration of Attorney Ben Krowicki, Partner at Bingham McCutchen, LLP, ("Bingham") dated May 17, 2011, along with the attorneys' contemporaneous billing records. [Doc. #72-2; 72-3; 80-1].

<u>The Connecticut Fair Housing Center, Inc.</u>

Plaintiff seeks an award of attorneys' fees for CFHC attorneys Greg Kirschner and Timothy Bennett-Smith. [Doc. #72-2].

Attorney Kirschner graduated from law school in 1999 and serves as legal director for CFHC. <u>Id.</u> At ¶¶4-7. CFHC's billable rate for Attorney Kirschner is $275 per hour. <u>Id.</u> at 25. The Court finds that $275 per hour is a reasonable rate for an attorney with more than eleven years of legal experience, some of

4

which as legal director of the CFHC. See <u>Flemming v. Goodwill Mortgage Svc. LLC</u>, Civ. Action No. 3:07CV00803-AWT, Doc. #174 at 3 (D. Conn. May 23, 2011) (awarding $325 per hour to CFHC attorney with 10 years experience). Defendants seek a reduction in Attorney Kirschner's billable rate to $225 per hour.  The Court has reviewed the cases cited by defendants and declines to reduce Attorney Kirschner's rate. <u>Pappas v. Watson Wyatt & Co.</u>, No. 3:04CV302 (EBB), 2008 WL 45385, at *5 (2008 case awarding $225 per hour to two attorneys who graduated law school in 2000); <u>Bridgeport and Port Jefferson Steamboat Co. v. Bridgeport Port Authority</u>, No. 3:03CV599 CFD, 2011 WL 721582, at *6 (D. Conn. Feb. 22, 2011) (awarding $225 per hour to attorneys with four to six years of experience).

 Attorney Bennett-Smyth graduated from law school in 2007. <u>Id.</u> at ¶¶8-11. CFHC's billable rate for Attorney Bennett-Smyth is $200 per hour with four years of experience. <u>Id.</u> at ¶8. Defendants request that Attorney Bennett-Smyth's hourly rate be reduced to $150 per hour. The Court finds that $200 per hour is a reasonable rate for an attorney with four years of legal experience, some as staff counsel with the CFHC. <u>Bridgeport and Port Jefferson Steamboat Co.</u>, No. 3:03CV599 CFD, 2011 WL 721582, at *6 (awarding $225 per hour to attorneys with four to six years of experience).

<u>Bingham McCutchen, LLP</u>

Plaintiff seeks an award of attorneys' fees for Bingham McCutchen attorneys Ben Krowicki and Michael J. Coolican. Bingham McCutchen seeks an award discounted from its normal billing rates based on the nature of the case and the firm's commitment to public interest litigation. [Doc. #72-3 ¶8].

Attorney Michael J. Coolican graduated from law school in 2006.  <u>Id.</u>  Bingham's standard rate for Attorney Coolican is $500 per hour, but in this matter, Bingham adjusted its rate to $375 per hour. <u>Id.</u>  The Court finds that $225 per hour is a reasonable rate for an attorney with five years of legal experience in the context of plaintiff's civil rights litigation.  <u>Bridgeport and Port Jefferson Steamboat Co.</u>, No. 3:03CV599 CFD, 2011 WL 721582, at *6 (awarding $225 per hour to attorneys with four to six years of experience); <u>Pappas v. Watson Wyatt & Co.</u>, No. 3:04CV302 (EBB), 2008 WL 45385, at *5 (2008 case awarding $225 per hour to two attorneys who graduated law school in 2000).

Attorney Ben Krowicki graduated from law school in 1981. <u>Id.</u> ¶12.  Bingham's standard rate for Attorney Krowicki is $710 per hour but, in this matter, Bingham adjusted its rate to $575 per hour. <u>Id.</u> ¶12. Mindful of the Second Circuit's admonition that attorney's fees be awarded with an "eye to moderation," <u>New York State Ass'n. for Retarded Children v. Carey</u>, 711 F.2d 1136, 1139 (2d Cir. 1983), the court finds that $400 an hour is a reasonable

6

hourly fee for Attorney Krowicki as a supervising attorney reviewing the work of a less experienced associate in his firm. Attorney Krowicki is a partner in a national firm and this Court does not believe that a reasonable client in Ms. Parris' position would be willing to pay the hourly rate billed by Bingham, even at the highly discounted rate of $575 per hour. While the Court realizes, based on his prior appearances in this Court, that Attorney Krowicki possesses considerable skill and experience, the Court is mindful of the rates awarded other experienced plaintiff's civil rights attorneys acting as lead counsel in the District of Connecticut. See Vereen v. Siegler, Civ. No. 3:07CV1898 (HBF), 2011 WL 2457534, at *2-3 (D. Conn. June 16, 2011) (awarding $400 per hour to Attorney John Williams who has over 43 years experience as a plaintiff's civil rights lawyer). Reasonable hourly rates "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 (1984). C.f. Muhammed v. Martoccio, 06-cv-1137 (WWE), 2010 WL 3718560 (D. Conn. Sept. 13, 2010) (awarding $500 per hour for plaintiff's trial attorney John Williams "with substantial experience in litigating criminal and civil cases, where plaintiff's fee application was unopposed); Vereen, 2011 WL 2457534, at *2-3 (the Court considered cases in this district awarding attorneys fees to Attorney John Williams and other

plaintiff's civil rights attorneys before awarding $400 per hour to Attorney Williams); Bridgeport and Port Jefferson Steamboat Co., No. 3:03CV599 CFD, 2011 WL 721582, at *6 (awarding $425 per hour to attorneys with thirty to forty-three years of experience); Pappas, 2008 WL 45385, at *5 (awarding hourly rate of $400 to Stamford employment discrimination attorney with 18 years experience in 2008).

   2.   Reasonable Number of Hours

   The Court must next determine the number of hours for which fees will be awarded. In that regard, the Court has carefully scrutinized the time records submitted to insure that the time was "usefully and reasonably expended," see Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994), and to eliminate hours that appear excessive, redundant, or otherwise unnecessary. See Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998).

   There is no question that plaintiff's counsel was successful in this case.  The time records attached to plaintiff's motion are sufficiently specific with respect to the nature of the work performed.

The Connecticut Fair Housing Center

   The CFHC is seeking 26 hours for Attorney Kirschner's time and 315 hours for Attorney Bennett-Smyth's time. CFHC does not seek to recover 32.1 hours of Attorney Kirschner's time and 6.1 hours of Attorney Bennett-Smyth's time which involved time spent

8

on the Department of Consumer Protection complaint.[3]

State Court Eviction

Defendants seek to exclude time spent by Attorneys Kirschner (9.6 hours) and Bennett-Smyth (55.70 hours) on the state court eviction proceedings. See [Doc. 77 at 12-15]. The Court agrees that time spent on the state court eviction proceeding and the Department of Consumer Protection complaint should be disallowed. However, the Court disagrees with some of the time entries defendants seek to exclude. The Court has also disallowed other time entries not identified by defendants that are attributed to the state court eviction proceeding and/or the Department of Consumer Protection that were not excluded by the CFHC or defendants. Finally, defendants' request to disallow and/or reduce Attorney Kirschner's time for drafting the post-hearing briefs is denied. The Court finds that the time requested is reasonable.

After careful review, the Court excludes a total of 1.1 hours for Attorney Kirschner and a total of 35.1 hours for Attorney Bennett-Smyth.[4]

---

[3] The CFHC does not seek to recover 5.7 hours billed by other employees of the CFHC, including legal interns, volunteer attorneys and other non-lawyer staff. [Doc. #72-2 ¶27].

[4] The following time entries are excluded as attributed to work performed on the state court eviction proceeding and/or the Department of Consumer Protection. Attorney Kirschner entries # 1057 (.6 hours) and 1653 (.5 hours) totaling 1.1 hours. Attorney Bennett-Smyth entries #95 (.7 hours), 102 (.6 hours), 107 (.7

Bingham McCutchen

Bingham McCutchen personnel expended over 160 hours on the representation of Ms. Parris but seek to recover fees for approximately 100 hours of their time. Attorney Krowicki states that the firm seeks no recovery for the time spent by Bingham attorneys in reviewing and analyzing the pleadings and procedural history of the case, in revising work product and attending meetings, conference calls, and court proceedings, for clerical or organizational tasks and all work conducted by paralegals and other non-attorney staff.  He further states that he "substantially reduced that time devoted to many tasks to reflect the training and attorney development aspects of this engagement, but also in an effort to be conservative in this fee request." [Doc. #72-3 ¶6].  Attorney Coolican spent 105.2 hours, but in light of the reductions discussed above, Bingham only seeks to recover fees associated with 86.9 hours of his time. [Doc. #72-3 ¶11].  Attorney Krowicki spent 47.5 hours, but in light of the reductions discussed above, Bingham only seeks to recover fees associated with 12.7 hours of his time.   [Doc. #72-3 ¶11].

---

hours), 147 (2.9 hours), 242 (.4 hours), 432 (.5 hours), 628 (.2 hours), 893 (.7 hours), 943 (1 hours), 986 (2.7 hours), 1055 (3.5 hours), 1387 (.4 hours), 1631, (3.5 hours), 1656 (.4 hours), 1997 (.3 hours), 2078, (2.5 hours), 2156, (3.5 hours), 2186 (4 hours), 2444 (2 hours), 2719 (3.2 hours), 3540 (.3 hours), 4521 (1.1 hours) totaling 35.1 hours.

<u>Pro Bono Representation</u>

Defendants argue that no fees should be awarded to the law firm Bingham McCutchen because their representation of plaintiff was undertaken on a <u>pro bono</u> basis; thus, "a reasonable, paying client" would expect to pay nothing. [Doc. #77 at 7]. Defendants cite no authority for this proposition. Our circuit court takes a contrary position.

> Our decision today in no way suggests that attorneys from non-profit organizations or attorneys from private law firms engaged in pro bono work are excluded from the usual approach to determining attorneys' fees. The reasonableness of a fee award does not depend on whether the attorney works at a private law firm or a public interest organization, nor is the award necessarily limited because the attorney has agreed to undertake the case for a reduced fee compared to the customary market rate . . . All we are holding is that in calculating the reasonable hourly rate for particular legal services, a district court should consider all relevant circumstances in concluding what a reasonable client would expect to pay.

<u>Arbor Hill</u>, 522 F.3d at 182, n.2.  Moreover, defendants' reliance on <u>Pappas v. Watson Wyatt & Company</u>, No. 3:04CV304(EBB), 2008 WL 45385, at *4 in support of their argument is misplaced.  The <u>Pappas</u> court specifically quoted the language from <u>Arbor Hill</u> that is quoted above.  The award of counsel fees under fee-shifting statutes encourages private enforcement of statutes directed at the elimination of discriminatory practices.  <u>Fort v. White</u>, 530 F.2d 1113, 1118 (2d Cir. 1976).   <u>See</u> <u>Hairston v. R &</u>

11

R Apartments, 510 F.2d 1090, 1092 (7th Cir. 1975) (awarding fees to pro bono counsel under 42 U.S.C. § 361(c), the Fair Housing Act's fee shifting provisions) ("When free legal services are provided there may be no direct barrier to the courtroom door, but if no fees are awarded, the burden of the costs is placed on the organization providing the services, and it correspondingly may decline to bring such suits and decide to concentrate its limited resources elsewhere, thereby curtailing the forceful application of the [Fair Housing] Act that Congress sought. Thus, the denial of fees in this situation indirectly cripples the enforcement scheme designed by Congress."); City of Riverside v. Rivera, 477 U.S. 561, 580, (1986) ("Congress intended that statutory fee awards be adequate to attract competent counsel, but not produce windfalls to attorneys." (internal quotations and citations omitted)). Accordingly, defendants' request is denied on this basis.

Multiple Attorneys

    Defendants also contend that all of the fees billed by Attorneys Krowicki and Coolican are duplicative arguing that it is unreasonable to have four lawyers work on a damages hearing where, as here, the issues are not complicated. However, defendants point to no specific time entries to support their claim that duplicative work was performed. The Court has carefully reviewed the time records of all four attorneys and

disagrees.  At the damages hearing, ten witnesses testified. Attorney Coolican cross examined four witnesses: Attorney Lonardo, Lynette Swanson, Robin Delaney, and Charles Pappas.  The time spent preparing for cross examination of defendants' witnesses is clearly not duplicative.  The Court has carefully reviewed the other time records of Attorneys Krowicki and Coolican and does not find them to be either duplicative or excessive.[5]  As set forth above, Bingham McCutchen reduced their hours from 160 to 100 hours with a careful eye to remove billing

---

[5]As set forth in the Affidavit of Attorney Krowicki, Bingham McCutchin conducted a variety of tasks in connection with its representation of Ms. Parris.

> Specifically, Bingham attorneys: cross examined the bulk of the defendants' witnesses and prepared and presented evidentiary challenges to their proposed exhibits; drafted and filed Ms. Parris' pre-hearing submission, motion for disclosure in furtherance of a prejudgment remedy, motion in limine to limit the scope of the hearing in damages, and motion for an order precluding the dissipation of the defendants' assets; lead settlement negotiations with opposing counsel; researched and analyzed the scope of hearing in damages following the enty of default, the availability of punitive damages awards following default, and the suitability of attorneys' fee awards in fair housing actions; and in furtherance of cross-examination, conducted factual investigations concerning Department of Public Health inspections at the defendants' properties and the history of malpractice suits and grievance proceedings against defendants' former counsel.

[Doc. #72-3 ¶5].

for reviewing and analyzing the pleadings and procedural history, clerical or organizational tasks, multiple billing and "substantially reduced time devoted to many tasks to reflect the training and attorney development aspects of this engagement, but also in an effort to be conservative in this fee request." [Doc. #72-3 ¶6].  Finally, defendants cite no authority to support their argument that because they were represented by one attorney, plaintiff should not be permitted to recover fees for her representation by four attorneys. See <u>Allende v. Unitech Design, Inc.</u>, No. 10 Civ. 4256 (AJP), 2011 WL 891445 (S.D.N.Y. Mar, 15, 2011); <u>Bridgeport and Port Jefferson Steamboat Co.</u>, No. 3:03CV599 CFD, 2011 WL 721582 (awarding fees to twelve attorneys plus summer interns, paralegals and a librarian); <u>Pappas</u>, 2008 WL 45385, at *8 (awarding fees to five attorneys, law clerks and paralegals). Accordingly, the Court finds no further reduction of Bingham McCutchen's billable hours is warranted.

5.   <u>Presumptively Reasonable Fee</u>

| <u>Attorney</u> | <u>Hours</u> | <u>Rate</u> | |
|---|---|---|---|
| Greg Kirschner | 24.9 | $275 | $ 6,847.50 |
| Timothy Bennett-Smyth | 279.9 | $200 | $55,980.00 |
| Michael Coolican | 86.6 | $225 | $19,485.00 |
| Ben Krowicki | 12.7 | $400 | <u>$ 5,080.00</u> |
| **TOTAL** | | | **$ 87,392.50** |

4.   Reasonable Adjusted Fee

Having determined the presumptively reasonable fee, the final step in the fee determination is to inquire whether an upward or downward adjustment is required. The Supreme Court has held that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley, 461 U.S. at 436).   The Court finds an across-the-board reduction is not warranted as plaintiff prevailed on all claims, her motion for preliminary injunction was granted and she was awarded substantial compensatory and punitive damages.

CONCLUSION

For the reasons stated, plaintiff's Motion for Attorneys' Fees **[Doc. #72]** and Second Motion for Attorneys' Fees **[Doc. #80]** are **GRANTED** in the amount of $87,392.50.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the

district judge upon motion timely made.

ENTERED at Bridgeport, this 4th day of January 2012.

__/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE