UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA PARRIS | : |
| | : |
| | : |
| v. | : Civil No. 3:10CV1128 (WWE) |
| | : |
| CHARLES PAPPAS, | : |
| ROBIN DELANEY, | : |
| ANNA ALEXIS, LLC, and | : |
| NORMANDIES PARK, | : |
| LLC | : |
| | : |

**ORDER**

On March 27, 2012, this Court granted plaintiff's Motion for Sanctions but reserved on entering sanctions. [Doc. ## 138, 176]. The Court found on the record that it was "clear" defendants had not made a full disclosure and offered no legitimate explanation for failing to follow the Court's order.[1] [Doc. # 176 at 115]. The Court opined that a better way to proceed would be to conduct judgment debtor examinations of defendants Charles Pappas and Robin Delaney to assist the Court in crafting appropriate relief. [Doc. # 173 at 115]. On July 19, 2012, the defendant Robin Delaney was examined under oath,

---

[1] The Court further stated, "this is one of those cases where Mr. Pappas and Ms. Delaney need to understand that a full disclosure means a full disclosure. It means every interest in property; it means every specific answer to the questions that are asked even if the result of that is that there's no net money for the plaintiff to necessarily seize at the moment." Tr. at 116.

1

pursuant to Connecticut General Statutes § 52-398. A judgment debtor hearing of Charles Pappas is scheduled for August 10, 2012.

This court reserves the right to order additional relief, as necessary, to remedy continued violation of its orders concerning non-dissipation of assets, disclosure of assets, and responses to asset discovery.  The Court enters orders at this time to prevent further dissipation of assets and to sanction the defendants for noncompliance with its orders.  Charles Pappas, Robin Delaney, Anna Alexis, LLC and Normandies Park, LLC shall:

1. On or before August 30, 2012, provide or produce certified bank records for the time period of May 20, 2010 to August 15, 2012, for the following bank accounts:
    a. # 9860002193026
    b. # 9860002935816
    c. # 9860003725141
    d. # 9860001867044
    e. # 9860002838862
2. Insofar as any of the bank accounts identified in paragraph 1a through 1e of this order disclose transfers and deposits between May 20, 2010 and August 15, 2012, with any other unidentified bank accounts, the defendants shall, on or

before August 30, 2012, document all activities in said accounts by certified bank records for the time period of May 20, 2010 to August 15, 2012.

3. Effective immediately, the defendants are ordered to make no withdrawal, transfer or expenditure of any kind from any bank account identified in paragraph 1a through 1e of this order, or any other bank account subsequently identified in response to paragraph 2 of this order. Any accounts that are used by defendants for the payment of ongoing expenses for the LLCs must be clearly identified and defendants will provide a list of ongoing expenses that are being paid out of any account. All of these accounts are to remain unchanged until further order from this court.  This order does not include the as yet unidentified account that Ms. Delaney opened for direct deposit of her pay check. Ms. Delaney will identify the bank and account number for the account she is currently using for the direct deposit of her pay check.

4. On or before August 30, 2012, all funds in all bank accounts not previously disclosed by the defendants, but which have now been identified, shall be tendered to Ms. Parris, through her attorneys at the Connecticut Fair Housing Center, Inc.

5. On or before August 30, 2012, the defendants are to produce to the plaintiff all documents, and communications concerning (as those terms are defined by Local Rule 26) any mechanics lien or encumbrance of any kind placed on the property commonly known as Normandies Park Mobile Home Park, or Normandies Park, or the addresses 282 Putnam Pike, 284 Putnam Pike and 286 Putnam Pike, Dayville, Connecticut. This shall include, without limitation, full and up to date payment histories for any encumbrance on said properties.

6. On or before August 30, 2012, the defendants are to produce to the plaintiff all documents, as defined by Local Rule 26, all communications, as defined by Local Rule 26, concerning, as defined by Local Rule 26, the malpractice action against attorney Thomas Lonardo. This shall include without limitation any document referenced or relied upon in the Complaint or Amended Complaint that have been filed in the malpractice action against attorney Thomas Lonardo. Defendants' counsel will provide a privilege log to plaintiff at the time of the disclosure or the privilege will be waived.

7. On or before August 30, 2012, the defendants shall produce all payments, checks, invoices, agreements to pay, or assignment(s) of proceeds from the malpractice action against attorney Thomas Lonardo, or contracts of any kind

4

with Attorney Donn Swift or the law firm Lynch, Traub, Keefe & Errante, P.C.  To the extent the defendants wish to raise an attorney-client privilege objection or other basis to withhold any document or information, they must contact this court *before* August 30, 2012. Defendants' counsel will provide a privilege log to plaintiff at the time of the disclosure or the privilege will be waived.

8. On or before August 15, 2012, the defendant Robin Delaney must provide title to the 2005 Lexus she currently drives to her counsel to be held until further order of the Court. Plaintiff will file a motion to levy the Lexus within ten days of this order.

9. On or before August 30, 2012, the defendant Robin Delaney is ordered to provide certified bank records for any bank account over which she has/or has had signatory authority between January 1, 2012 and August 15, 2012.

10. The defendants are ordered to provide a complete and up to date payment history for any mortgage or other encumbrance on any property owned by any defendant or any LLC in which any defendant is a member, including without limitation:
    a. Complete and up to date payment history, including the amount currently due and owing on any mortgage or encumbrance on any property owned by Max CT, LLC;

b. Complete and up to date payment history, including the amount currently due and owing on any mortgage or encumbrance on any property owned by Otis Street, LLC;

c. Complete and up to date payment history, including the amount currently due and owing on any mortgage or encumbrance on any property owned by Normandies Park, LLC;

d. Complete and up to date payment history, including the amount currently due and owing on any mortgage or encumbrance on any property owned by Anna Alexis, LLC;

e. Complete and up to date payment history, including the amount currently due and owing on any mortgage or encumbrance on any property owned by Crystal Creek Farms, LLC;

f. Complete and up to date payment history, including the amount currently due and owing on any mortgage or encumbrance on any property owned by Northeast Waste, LLC;

g. Complete and up to date payment history, including the amount currently due and owing on any mortgage or encumbrance on any property owned by Pappas Homes, LLC;

h. Complete and up to date payment history, including the amount currently due and owing on any mortgage or

       encumbrance on any property owned by Plainfield Transfer, LLC;

   i. Complete and up to date payment history, including the amount currently due and owing on any mortgage or encumbrance on any property owned Pappas Family Trust, LLC; or

   j. Complete and up to date payment history, including the amount currently due and owing on any mortgage or encumbrance on any property owned any other Limited Liability Company in which any defendant is a member.

11. On or before August 30, 2012, the defendants will provide documentation (as defined by Local Rule 26) concerning any interest transferred from Gunther Zissler to Corina Peltak in Max CT, LLC and/or Otis Street, LLC or any other business entity in which any defendant is a member from May 20, 2010 to the present.  The Court notes that defendant Pappas was ordered to provide this information at the March 27, 2012, hearing on the motion for sanctions.[2] [Doc. #176 at 116-117].

---

[2] After ordering the information on the undisclosed properties and LLCs, the Court stated, "And right now, Mr. Pappas, you and Ms. Delaney are on really thin ice and it's very important that you do more than make a sort of half-hearted attempt to get this information for the Plaintiff." [Doc. #176 at 116-117].

7

12.  On or before August 30, 2012, the defendants will provide complete bank records for Max CT, LLC and Otis Street, LLC between May 20, 2010 and August 15, 2012.

13.  On or before August 15, 2012, Charles Pappas will update plaintiff's counsel as to his current address, telephone number, and occupation.

14.  Defendants have a continuing duty to provide plaintiff with supplemental documentation concerning all accounts referenced herein.

15.  A follow-up evidentiary hearing on plaintiff's motion for sanctions is scheduled for September 5, 2012, at 11:00 AM. The Court will hear from the parties on defendants' compliance with this order, alleged dissipation of assets and noncompliance with outstanding court orders.  Plaintiff may propose an appropriate sanction.

16.  Plaintiff's request for attorney's fees relating to her motion to compel and for sanctions is **GRANTED.** Plaintiff is entitled to attorneys' fees not previously awarded that have been incurred in seeking a complete disclosure of assets, in attempting to prevent the dissipation of assets, and in post-judgment discovery. Plaintiff's counsel shall submit affidavits detailing the time they have spent on or before September 1, 2012. Thereafter, plaintiff's counsel shall submit a Supplemental

Motion for Attorneys' Fees and Costs with additional affidavits and time records every six months until collection is complete.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 6th day of August 2012.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

9