UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DONNA PARRIS,** | : | 3:10CV1128 |
| Plaintiff, | : | |
| v. | : | |
| **CHARLES PAPPAS, ROBIN DELANEY,** | : | |
| **ANNA LEXIS, LLC, and NORMANDIES** | : | |
| **PARK, LLC,** | : | |
| Defendants. | : | |

### RECOMMENDED RULING FINDING DEFENDANT PAPPAS IN CONTEMPT

In this civil rights action pursuant to the Fair Housing Amendments Act, Connecticut Discriminatory Practices Act, and Connecticut Unfair Trade Practices Act, plaintiff Donna Parris obtained a judgment by default against defendants Charles Pappas, Robin Delaney, and Anna Lexis, LLC, and Normandies Park, LLC, in the amount of $112,407 in compensatory damages, $150,000 in punitive damages, and $87,392.50 in attorney's fees on February 10, 2012.  To date, $50,000 of the judgment has been satisfied.

Plaintiff has filed a motion for sanctions and a finding of contempt against defendant Pappas [Doc. #236].  Defendant has failed to respond and based on the current record, the defendant has violated this Court's order of January 19, 2016 [Doc.# 248] and is therefore in contempt of the Court's authority.

### BACKGROUND

The Court assumes familiarity with the factual background that is reflected in the prior rulings in this case.  The following additional facts reflect a protracted procedural history caused by defendant Pappas's noncompliance with the Court's orders.

On May 5, 2011, this Court issued an order on consent instructing defendants

1

not to dissipate any existing assets during the pendency of this action. Although defendants provided some asset disclosures between May and December 2011, defendant Pappas failed to disclose that he owned a property at 44-48 Barbara Street in Providence, Rhode Island, and that he sold the property on December 7, 2011.

On December 8, 2011, at the Prejudgment Remedy ("PJR") Hearing held in this case, Pappas testified that he had disclosed all real property owned or controlled by him in compliance with the Court's prior order. Following the PJR hearing, plaintiff discovered the warranty deed conveying the Barbara Street property.

On February 15, 2012, the Court issued another order instructing defendants to disclose assets to satisfy the judgment. Defendants failed to comply and plaintiff filed a motion for sanctions and a motion for judgment debtor examination.

At the hearing on sanctions, defendant Pappas first indicated that he did not remember when the sale had occurred; later after being confronted with the warranty deed, he admitted that the sale had taken place on December 7, 2011, and that he had failed to disclose the asset. At that time, he stated that "zero dollars" had gone to him from the sale proceeds. The Court ordered Pappas to disclose any documents pertaining to the Barbara Street property sale. On April 4, 2012, he produced the HUD-1 for the sale of the property that revealed that he had received $47,844.28 in cash.

The sanction proceedings were subsequently discontinued due to the bankruptcy filings by defendants Pappas and Delaney. The bankruptcy court deemed the judgment entered against defendants non-dischargeable. Upon completion of the bankruptcy proceedings, plaintiff moved this Court to find defendant Pappas in

contempt and to impose sanctions for failure to comply with the Court's orders regarding asset disclosure and nondissipation.

On January 12, 2016, this Court held a hearing to show cause why defendant Pappas should not be held in contempt for lying to the court about asset disclosure and non dissipation.  Defendant Pappas failed to appear.  On January 19, 2019, the Court issued an order granting, in part, plaintiff's motion for sanctions.  Specifically, he ordered that defendant Pappas:

> On or before February 19, 2016, tender the amount of $47,844.28, representing the proceeds from the sale of a certain property located at 44-48 Barbara Street;
>
> On the15th day of each month commencing on February 15, 2016, provide a monthly accounting of rents for the Normandies Park mobile home park to Plaintiff's counsel and the Court and turn over any rents in excess of the cost to operate Normandies Park;
>
> On or before February 1, 2016, provide a full financial disclosure to Plaintiff, including a disclosure of all properties in which he has held an interest from January 1, 2013 to the present, any financial transactions to which he has been party during that time and all other information ordered to be disclosed in this Court's order dated August 6, 2012(Doc. No. 196).

Provide an address at which he will accept service of court documents. Defendant Pappas failed to comply with this order.

On February 25, 2016, this Court held another show cause hearing. Defendant Pappas made no appearance despite having notice from this Court that the hearing would be held on that day.  That same day, the Court received an unsigned letter dated February 18 from Pappas with a postmark dated February 22, 2016, from Mexico, Maine.  In the letter, he provided no indication that he would not

3

attend the hearing scheduled for February 25, 2016, or reason for failing to do so. He stated that he had spent all the proceeds from the Barbara Street sale to pay taxes on Normandies Park and his home, and he provided an unverified disclosure of assets and accounting of income and expenses for Normandies Park.

## DISCUSSION

This Court has inherent power to hold a party in civil contempt to enforce compliance with an order of the court or to compensate for losses or damages. SD Prot., Inc. v. Del Rio, 587 F. Supp. 2d 429, 433 (E.D.N.Y. 2008).  A party may be found in civil contempt for failure to comply with a court order if (1) the order is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the contemnor has not diligently attempted to comply in a reasonable manner. Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004).  A willful violation need not be proved.  Donovan v. Sovereign Sec. Ltd., 726 F. 2d 55, 59 (2d Cir. 1984).  The standard for contempt is "rigorous" and requires that the party seeking contempt prove its elements "by clear and convincing evidence." Schmitz v. St. Regis Paper Co., 758 F. Supp. 922, 925 (S.D.N.Y.1991).  A court enjoys broad discretion in determining the appropriate sanction, and should consider the harm and probable effect of alternative sanctions. Paramedics Eltromedicina Comercial, Ltda, 369 F.3d at 657; EEOC v. Local 29, Sheet Metal Workers, 247 F.3d 333, 336 (2d Cir. 2001).  The Court may resort to incarceration as a coercive sanction for civil contempt, providing that "the contemnor is able to purge the contempt and obtain his release by committing an affirmative

act."  Int'l Union Mine Worker of Am. v. Bagwell, 512 U.S. 821, 828-29 (1994).

The Court finds that defendant Pappas should be held in contempt.  The record of Pappas's extensive history of concealment and evasion, his most recent disregard of this Court's authority, and his admissions that he has dissipated the proceeds of the Barbara Street property sale and sold other assets between January 1, 2013 and the present, constitute clear and convincing evidence that defendant Pappas has acted in contempt of this Court's orders.  The Court will hold a hearing at Noon on March 9, 2016, at which the defendant Pappas may show cause why the Court should not find him in contempt; if the defendant Pappas fails to show cause, the Court will determine the appropriate sanction, which may constitute a monetary sanction of the reasonable attorney fees and costs associated with Pappas's noncompliance, and/or a harsher sanction of incarceration.[1]

The Court will issue a capias to ensure that defendant Pappas is present at the hearing on March 9, 2016.

## CONCLUSION

For the foregoing reasons, the Court finds defendant Charles Pappas in contempt.  This is a Recommended Ruling. See Fed. R. Civ. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with order.  See Fed. R. Civ. P. 72(b)(2).  Failure

---

[1] Such costs would include all attorney's fees and costs related to the research and drafting of motions, and appearance at hearings and judgment debtor exams.  The Court will also consider imposing upon defendant the Court's costs that have been required due to defendant's contempt.

5

to object within fourteen days may preclude appellate review.  See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b); and D. Conn. L. Civ. R. 72.2; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

    Dated at Bridgeport, Connecticut, this 26th day of February, 2016.

    /s/Holly B. Fitzsimmons
Holly B. Fitzsimmons
United States Magistrate Judge