UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA PARRIS | : | |
| v. | : | CIV. NO. 10-CV-01128 (WWE) |
| CHARLES PAPPAS ET AL. | : | May 24, 2016 |

## <u>DEFENDANT'S OBJECTION TO RECOMMENDED ORDER OF CONTEMPT</u>

The defendant, Mr. Charles Pappas, submits the following objection to the Court's (Fitzsimmons, MJ) Order of February 26, 2016, recommending that Mr. Pappas be held in civil contempt and sanctioned accordingly. As outlined below, through his previous actions and through the disclosures accompanying this submission Mr. is complying to the best of his ability with the terms of the Court's Order of January 19, 2016. Because civil contempt is coercive and remedial in nature, it is not appropriate at this point to impose contempt sanctions in light of Mr. Pappas' present actions and anticipated continued compliance.

### LEGAL STANDARD

As set forth in the February 26, 2016, Order, the Court has recommended that Mr. Pappas be held in civil contempt. "The hallmark of civil contempt is that the sanction imposed is only contingent and coercive." *Int'l Bus. Machines Corp. v. United States*, 493 F.2d 112, 115 (2d Cir. 1973). The coercive sanction of civil contempt, moreover, "has a remedial purpose—compelling obedience to an order of the court for the purpose of enforcing the other party's rights, or obtaining other relief for the opposing party." *Id*. In imposing a civil contempt sanction, the "court must exercise (t)he least possible power adequate to the end proposed." *Shillitani v. United States*, 384 U.S. 364, 371 (1966).

1

A civil contempt order should not issue "when it appears that there is at that time no wilful disobedience but only an incapacity to comply." *Maggio v. Zeitz*, 333 U.S. 56, 72-73 (1948)(collecting cases); *accord Armstrong v. Guccione*, 470 F.3d 89, 101 (2d Cir. 2006). As the Court in *Maggio* explained, "to jail one for a contempt for omitting an act he is powerless to perform would reverse this principle [that civil contempt is coercive] and make the proceeding purely punitive, to describe it charitably. At the same time, it would add nothing to the [other party]." *Id.* At 72. *See also Soobzokov v. CBS, Quadrangle/New York Times Book Co.*, 642 F.2d 28, 31 (2d Cir. 1981) ("When it becomes obvious that sanctions are not going to compel compliance, they lose their remedial characteristics and take on more of the nature of punishment").

## MR. PAPPAS HAS COMPLIED, AS HE IS ABLE, WITH THE COURT'S JANUARY 19th ORDER.

Mr. Pappas' actions subsequent to the Court's recommendation that he be held in contempt demonstrate compliance with the Court's orders. On February 29, 2016, the Court (Fitzsimmons, MJ) issued a capias order for the arrest and presentment of Mr. Pappas on March 9, 2016. Upon receiving actual notice of the order from counsel, Mr. Pappas turned himself in to the custody of the United States Marshal's service on the morning of March 9. Since that date, Mr. Pappas has voluntarily cooperated with efforts to liquidate his ownership of the Normandies Park property and to move towards a resolution of this matter. As the letter attached as **Exhibit 1** indicates, Mr. Pappas has been working with a realtor to market this property as well as an adjacent property. Mr. Pappas' intention is that the net proceeds of the sale be applied to payment of the judgment in this matter. In addition, recent progress has been made towards completing the disbursement of substantial funds to the plaintiff in partial satisfaction of the

judgment. Per the document attached as **Exhibit 2**, disbursement is now authorized by the relevant court and is expected to occur in early fall of 2016. During this time, counsel for the parties have communicated concerning the property sale and the possible resolution of this matter.

As outlined in the affidavits submitted under seal as **Exhibits 3** and **4**, and submitted pursuant to the Court's Order of January 19, 2016, Mr. Pappas has very limited assets. He has placed his only substantial assets, the properties in Putnam, CT, on the market in order to pay the judgment owed in this case. He has recently mailed to counsel for the plaintiff the very limited rental income obtained in the last month from the Normandies Park trailer park. *See* **Exhibit 5**, filed under Seal. Since appearance of present counsel, service of document in this matter has been facilitated by counsel. Mr. Pappas indicates that he may accept service of process at ███████████████, Golden Valley, Arizona, 86413.

Through these and prior disclosures, Mr. Pappas has now substantially complied with paragraphs 2 through 4 of the January 19, 2016, Order, eliminating the need for coercive civil contempt measures with respect to these portions of the order. The one remaining requirement of the order is that Mr. Pappas tender to Plaintiff the sum of $47,844.28. As the attached affidavits indicate, Mr. Pappas is simply not able to comply with that order. Although as **Exhibit 1** indicates Mr. Pappas is making a good faith effort to liquidate his real property in order to satisfy the judgment in this case, he does not have liquid assets anywhere near the amount specified in the order.[1] As the Supreme Court

---

[1] It is also worth noting that a substantial portion of the $47,844.28—a figure reflecting the proceeds of a sale of property by Mr. Pappas on December 7, 2011— appears to have been used to satisfy Mr. Pappas' tax liabilities with respect to the

determined in *Maggio*, civil contempt sanctions are not appropriate where the party is

unable to purge the contempt by performing the required action.

## CONCLUSION

For the reasons above, Defendant respectfully submits that the Court should not

hold Mr. Pappas in contempt at this time.

Respectfully submitted,

THE DEFENDANT,
Charles Pappas

OFFICE OF THE FEDERAL DEFENDER

Dated: May 24, 2016

/s/ James P. Maguire
James P. Maguire
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: ct29355
Email: James_Maguire@fd.org

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2016, a copy of the foregoing was
filed electronically and served by mail on anyone unable to accept electronic filing.
Notice of this filing will be sent to all parties by operation of the Court's electronic filing
system or by mail to anyone unable to accept electronic filing as indicated on the Notice
of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James P. Maguire
James P. Maguire

---

Normandies Park property. The documents attached as **Exhibit 6** reflect the
payment of $34,716.49 in delinquent taxes by Normandies Park on January 30,
2012. Insofar as the sale proceeds were effectively re-invested in Normandies Park,
the total value of Mr. Pappas' assets were not dissipated.

# EXHIBIT

# 1



April 16, 2016                    RE: 282,284,286 Putnam Pike Dayville, CT. 06241

Dear Mr. Pappas:

I have had several conversations with the town of Killingly planning and zoning office and after completing a comparative market analysis I have listed the properties for a total price of $150,000.

The following is the breakdown of how we have it marketed.

286 Putnam Pike contains 6.8 acres and has a single family home and 6 mobile homes, valued at $150,000.

Parcels 284 and 282 are combined and are technically one parcel of land and contains one single family home and a vacant lot. These two properties at this point cannot be separated. I placed a value of $75,000.

The town of Killingly has an ordinance in effect which is called "structure to have access rule". It states that there can be only two properties on one private road. The property must have a minimum of 5.8 to have a trailer park and needs a special ordinance to be compliant. There forThe entire property is not compliant at this point. Further the road has to be brought up to today's standard meaning paving and drainage etc. The road is over 900 feet plus the turn around and at a minimal price of $100. per foot to asphalt the price is over $150,000. This is a very difficult property to market as there are so many issues that need to be addressed. There are also $50-60,000 in back taxes and sewer liens. Whoever purchases this property has many legal and upgrade issues to make it a viable income property. We will do our best to vigorously market and sell your properties.

Sincerely yours,

Michael Meehan

RE/MAX **Bell Park Realty**
755 Norwich Road (Rt. 12)
Plainfield, Connecticut 06374
Office: (860) 564-9700
Fax: (860) 564-0600
Each Office Independently Owned & Operated




RE/MAX **Bell Park Realty**
610 Hartford Pike (Rt. 101)
Dayville, Connecticut 06241
Office: (860) 774-7600
Fax: (860) 779-3244
Each Office Independently Owned & Operated

# EXHIBIT

# 2

#108

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | : | Case No. 12-21924 (AMN) |
| Robin Delaney | : | Chapter 7 |
| | : | |
| Debtor | : | Re: ECF No. 107 |

Order Granting Trustee's Motion for Authority to Disburse Debtor's Exemptions

Upon consideration of Thomas C. Boscarino (the "Trustee") Motion for Authority to

Disburse Debtor's Exemptions (the "Motion"), ECF No. 107, and after proper notice and a

hearing, *see* 11 U.S.C. § 102(1), and in accordance with the Court's Contested Matter

Procedure, and there being no objections, it is hereby:

ORDERED, that the Trustee is authorized and directed to disburse to Robin

Delaney (the "Debtor") the sum of $9,123.98, which represents the Debtor's fully entitled

claims of exemption in proceeds from the settlement of a legal malpractice claim entitled

*Charles Pappas. Robin Delaney, et. al. v. Thomas T. Lonardo, et. al.*, Case No.

WWM-CV-12-6004878-S; and it is further

ORDERED, that such distribution to the Debtor shall be made at the same time as

final distribution is made to creditors in this case.

Dated at Hartford, Connecticut on April 27, 2016

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut

#131

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 12-22099(AMN)** |
| **CHARLES PAPPAS** | : | **CHAPTER 7** |
| | : | |
| *DEBTOR* | : | **RE ECF NO.: 130** |

### ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO DISBURSE DEBTOR'S EXEMPTIONS

The Trustee's Motion For Authority to Disburse Debtor's Exemptions dated March 30, 2016 (the "Motion"), having been presented to this Court, and after proper notice and a hearing, *see* 11 U.S.C. § 102(1)(A), and in accordance with the Court's Contested Matter Procedure, and there being no objections, it is hereby:

ORDERED, that Thomas C. Boscarino, Chapter 7 Trustee, is authorized and directed to disburse to the Debtor, Charles Pappas, the sum of $1,766.53, which represents the Debtor's full entitled claims of exemption in the Property as that term is defined in the Motion, such distribution to be made at the same time as final distribution is made to creditors in this case.

Dated at Hartford, Connecticut on April 26, 2016

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut

# EXHIBIT

# 3

# EXHIBIT FILED UNDER SEAL

# EXHIBIT

# 4

**EXHIBIT FILED UNDER SEAL**

# EXHIBIT

# 5

# EXHIBIT FILED UNDER SEAL

# EXHIBIT

# 6

# CERTIFICATE OF SATISFACTION

## Connecticut General Statutes § 12-157(f)

The tax collector of the following municipality certifies that the property auction upon the real estate identified below, which had been slated for public auction to satisfy delinquent taxes owed by its record owner(s), has been CANCELLED by reason of payment in full of the taxes, interest, and collection costs including reasonable attorney's fees which were then due and owing:

**LEVYING MUNICIPALITY:**    Town of Killingly, Connecticut

**DELINQUENT TAXPAYER:**    Normandies Park, LLC
22 Center Street
Danielson, CT 06239

**ADDRESS OF REAL ESTATE:**    286 Putnam Pike, Dayville, Connecticut (mobile home park)

**AUCTION WAS TO OCCUR:**    10:00 a.m. on February 2, 2012

**LEVY NOTICE RECORDED:**    November 18, 2011 at Volume 1224 Page 398
of these land records

**DELINQUENCY PAID:**    $34,716.49 on January 30, 2012 by Normandies Park, LLC

By reason thereof, the auction is hereby CANCELLED and the Notice of Levy and Sale of Real Estate recorded as stated above is hereby RELEASED. If and to the extent that the delinquency is stated above as having been paid by a mortgagee, lienholder or other record encumbrancer, he or she shall have all rights against the person whose primary duty it was to pay the taxes for the amount so paid, and may add the same to any claim for which he or she has security upon the property. The interests of other persons in the property are not affected.

Dated this 30th day of January, 2012.

By: _____    1/30/12
Adam J. Cohen, Esq., Municipal Counsel    date

STATE OF CONNECTICUT    )
    )  ss:  Bridgeport
COUNTY OF FAIRFIELD    )

_____

ALISON A. CARTER
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/2013



THIS DOCUMENT CONTAINS SEVERAL SECURITY FEATURES ON A BLUE BACKGROUND. HOLD DOCUMENT UP TO LIGHT TO VIEW

**FIRST NIAGARA**

PAYABLE AT
First Niagara Bank
LOCKPORT, NY 14094

**TELLER CHECK**

REMITTER    NORMANDIES PARK OAKVILLE, CT

01/27/2012

$34,716.49

PAY ****ENTIRY FOUR THOUSAND SEVEN HUNDRED SIXTEEN and 49/100****USD Dlrs

TO
THE ORDER
OF    PULLMAN & COMLEY

BRANCH NUMBER: 797

AUTHORIZED SIGNATURE

Security features
Included.
Details on back.

MP



**PULLMAN & COMLEY** LLC

ATTORNEYS

**ADAM J. COHEN**
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT  06601-7006
p   203 330 2230
f   203 576 8888

ajcohen@pullcom.com

**To:**   **Charles Pappas** ████████████

**Date:**  **January 17, 2012**

# PAYOFF STATEMENT VALID THROUGH
## 12:00 P.M. ON JANUARY 31, 2012

*pd ck# 5545 616678*

**Record Owner:**     Normandies Park, LLC
**Property:**         286 Putnam Pike, Dayville, Connecticut
**Municipality:**     Town of Killingly, Connecticut
**Auction Date:**     February 2, 2012

| | | | |
|---|---|---|---|
| real estate principal taxes | 2006-2010 Grand Lists | $ | 18,216.42 |
| real estate jeopardy acceleration | estimated 2011 Grand List | $ | 4,624.72 |
| real estate interest accrued | through payoff date above | $ | 5,291.67 |
| real estate lien and release fees | 2006-2009 Grand Lists | $ | 96.00 |
| sewer assessment principal charges | through payoff date above | $ | 645.00 |
| sewer assessment delinquency interest | through payoff date above | $ | 77.40 |
| sewer usage principal charges | 2011 billing cycle | $ | 1,930.32 |
| sewer usage interest accrued | through payoff date above | $ | 86.86 |
| title search, notices, auction expenses | through payoff date above | $ | 553.10 |
| attorney's fees | 9.0 h @ $355 each | $ | 3,195.00 |

**TOTAL DUE IF RECEIVED BY DATE ABOVE:**     **$   34,716.49**

Note that no "per diem" figure is available because interest accrues monthly while fees and expenses accrue as they are incurred.  Updated payoff statements are available upon request.

Payoff checklist:
(1) payment is cash, money order, certified check, bank/servicer check, or attorney trustee check
(2) payable to "Pullman & Comley, Trustee" (not to the municipality itself)
(3) sent to Adam J. Cohen, Esq., Pullman & Comley, 850 Main St., Bridgeport CT 06601

### SEE ATTACHED NOTICE FOR IMPORTANT PAYOFF INFORMATION