UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Donna Parris | : | Civil Action No.: 3:10-1128 (WWE) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Charles Pappas, et al. | : | |
| | : | |
| Defendants | : | July 24, 2017 |

**<u>MOTION TO COMPEL</u>**

Plaintiff Donna Parris moves to compel the production of certain documents requested from Defendant Charles Pappas relating to his real estate dealings in Maine. Plaintiff further requests that the Court order Defendant Pappas to pay the costs of this motion including attorney's fees. Counsel for Plaintiff certifies that the parties have met and conferred regarding the subject of this motion but have been unable to resolve same.

**I.     <u>Background</u>**

Plaintiff seeks to enforce the judgment entered against the defendants in this matter. As part of her efforts Plaintiff has, for years, sought a full and truthful disclosure of assets by Defendant Pappas. Defendant Pappas has a demonstrated history of misrepresenting his finances and assets, concealing property, and dissipating assets in violation of his obligations under the rules of civil procedure and express orders of this Court. *See, e.g.*, Doc. Nos. 238.[1]

---

[1] Defendant Pappas has continued to be less than candid in responding to discovery. For example, in October 2016, Defendant Pappas initially inexplicably responded under oath to Plaintiff's written discovery that he had not utilized a bank account from 2012 to 2016 only to amend this change his story two months later, on what was then the eve of a contempt hearing, indicating that in fact he had been utilizing a bank account during that entire period. *Compare* Exhibit A at # 11 *to* Exhibit B.

1

## II.     Plaintiff's Discovery Requests

In the course of responding to Plaintiff's written discovery requests, on September 19, 2016 Defendant Pappas disclosed that in 2014 he had served as the guarantor for the purchase by an entity called "Farmer's Hill Trust" of a property at 27 Farmer's Hill Road, Andover, Maine. *See* Exhibit B. This property is less than seven miles from Defendant Pappas's residence in Roxbury, Maine. The trustee for the Farmer's Hill Trust is Julie Weber who Defendant Pappas identifies as his girlfriend.[2]  Subsequent to this revelation, Plaintiff requested that Defendant:

> Produce all documents about 27 Farmer's Hill Road, including, but not limited to, its purchase and its use since being purchased.
>
> Produce all documents about your serving as a guarantor for the purchase of 27 Farmer's Hill Road and your relationship to the purchaser.
>
> Produce all documents about Farmer's Hill Trust.

Defendant initially responded that he "has no responsive documents in his custody or control."

After Plaintiff informed Defendant that she believed this response inadequate, Defendant provided a supplemental response consisting of a letter from an attorney in Maine stating that he had reviewed the trust documents and deemed Defendant Pappas uninvolved in the trust. *See* Exhibit D. During the meet and confer to attempt to resolve this issue, Defendant's counsel conveyed that "Mr. Pappas has informed me that he has

---

[2] Defendant Pappas explained: "the property was purchased by Farmer's Hill Trust, the trustee of which is Julie Webber, my girlfriend … I served as guarantor because I wanted to help my girlfriend and the seller wanted an additional person to be made liable for the payment." Exhibit C at # 2.

requested the trust documents from his girlfriend and she has refused to provide them to him." Exhibit E.

### III.   Argument

#### A. Plaintiff is Entitled to Know about Defendant Pappas's Relationship with Farmer's Hill Trust

Defendant Pappas's responses remain inadequate.  The Court entered a significant monetary judgment against Defendant Pappas in favor of Plaintiff.  The Court also entered an order that he not dissipate his assets.  Defendant Pappas has now obligated himself as the guarantor for the purchase of a property by an unknown trust.  At the very least, Plaintiff is entitled to know to what extent this guarantee imperils her ability to collect her judgment from Defendant Pappas.  Indeed, in this transaction, Defendant Pappas appears to be the *only person* subject to personal liability for payment on the installment contract as Ms. Webber only executed as a trustee.  Additionally, Plaintiff is entitled to these documents to determine whether Defendant Pappas is benefitting from this property or the trust. Defendant Pappas claims the trust benefits the daughter of his girlfriend.  Plaintiff doubts this is true, but even if it is, as, upon information and belief, Defendant Pappas resides with Ms. Webber[3], it is a fair question as to whether he derives financial benefit from the trust.

#### B. Defendant has Access to the Trust Documents

By serving as personal guarantor of the purchase of the Farmer's Hill property by a trust ostensibly controlled by his girlfriend, Defendant Pappas clearly has an intimate personal and financial relationship with Farmer's Hill Trust.  Moreover, he has shown that he has some level of access to the documents by producing a letter from an attorney who reviewed them.  Defendant Pappas averred that he served as guarantor for the purchase of

---

[3] *See* Exhibit C at # 15.

27 Farmer's Hill Road in order to "help out" Ms. Webber, the girlfriend, with whom he apparently resides.  Defendant Pappas claim states he is unable to access the documents because Ms. Webber refuses to share them with him.  See Exhibit E.  This would seem implausible in light of the above circumstances.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that within seven days of its Order, Defendant Pappas:

> Produce all documents about 27 Farmer's Hill Road, including, but not limited to, its purchase and its use since being purchased.
>
> Produce all documents about [his] serving as a guarantor for the purchase of 27 Farmer's Hill Road and [his] relationship to the purchaser.
>
> Produce all documents about Farmer's Hill Trust.

Plaintiff further requests that the Court award her the costs of making this motion.

Respectfully Submitted,

By Counsel: _____/s/_____
Greg Kirschner (ct26888)
The Connecticut Fair Housing Center
221 Main Street, 4th Floor
Hartford, CT 06106
(860)263-0724/(860)247-4236 (F)
gkirschner@ctfairhousing.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2017 a copy of the foregoing was filed and served electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

By:_____/s/_____
Greg Kirschner