UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA PARRIS | : | |
| v. | : | CIV. NO. 10-CV-01128 (WWE) |
| CHARLES PAPPAS ET AL. | : | July 31, 2017 |

## OBJECTION TO PLAINTIFF'S MOTION TO COMPEL

Defendant submits the following brief response to Plaintiff's motion to compel (DE #302). As discussed below, the documents Plaintiff seeks are not within Mr. Pappas' custody or control and so are not disclosable pursuant to Fed. R. Civ. P. 34. The materials sought are, additionally, of uncertain relevance in light of the available evidence. The appropriate vehicle for Plaintiff's request, finally, is a third-party subpoena per Fed. R. Civ. P. 45. Plaintiff's motion should therefore be denied.

## BACKGROUND

On July 24, 2017, Plaintiff filed a motion to compel production of documents relating to a "Farmer's Hill Trust." DE #302. Defendant Charles Pappas' girlfriend is the trustee of the trust. As Defendant previously indicated in his response to a prior discovery request by Plaintiff, Mr. Pappas has no documents relating to this trust in his custody or control. A letter from counsel for this trust, previously provided to Plaintiff by Defendant, indicates that "Charlie Pappas is not a grantor, trustee or beneficiary of said Trust. Nor is he is mentioned anywhere in the language of said Trust." DE #302 Ex. D. As represented to Plaintiff in a subsequent email, Mr. Pappas has requested responsive documents from his significant other, who denied the request. *See* DE #302 Ex. E.

1

## LEGAL STANDARD

By its terms, Fed. R. Civ. P. 34(a), concerning requests for production of documents pursuant to discovery requests, is limited to "items in the responding party's possession, custody, or control[.]" Per Fed. R. Civ. P. 26(b)(1), the materials sought must further be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

## ARGUMENT

**1. Plaintiff has not met its burden of showing the requested documents are in Mr. Pappas' Control.**

As recently outlined by another Magistrate in this district,

> It is well-established that "a party is not obliged to produce ... documents that it does not possess or cannot obtain." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007). Pursuant to Fed.R.Civ.P. 34, a party may serve on another party a request "to produce ... items in the responding party's possession, custody, or control." A party "controls documents that it has the right, authority, or ability to obtain upon demand." *Scott v. Arex, Inc.,* 124 F.R.D. 39, 41 (D.Conn.1 989) (citations omitted). Plaintiffs bear the burden of establishing that the documents are in [the other party's] control. See *Pitney Bowes, Inc. v. Kern Int'l, Inc.*, 239 F.R.D. 62, 66 (D. Conn. 2006). This is a "fact specific" inquiry that goes beyond the "particular form of the corporate relationship" and instead looks at the "nature of the transactional relationship" between the entities. Id. (internal citations and quotation marks omitted). Courts must also look to whether there is a "practical ability of the [requested] party to obtain these documents."

*Grayson v. Gen. Elec. Co*., No. 3:13CV1799WWEWIG, 2016 WL 1275027, at *1 (D. Conn. Apr. 1, 2016).

2

Plaintiff's motion seeks an order from the Court compelling Mr. Pappas to provide to Plaintiff documents that he simply does not have. As indicated by the chain of events discussed above and in Plaintiff's motion, Defendant is not a trustee or beneficiary of the trust in question and has no legal basis to demand the trust documents. He has, additionally, made multiple inquiries to third parties requesting access to information relating to the trust. Those third parties—namely the trust's attorney and its trustee—have declined to provide Mr. Pappas with materials beyond a letter, which Defendant in turn provided to Plaintiff, indicating Mr. Pappas is not mentioned anywhere in the trust documents.

The crux of Plaintiff's argument appears to be that because Mr. Pappas lives with the trust's trustee, he can somehow get access to the documents. Plaintiff, however, has pointed to no actual evidence showing that Mr. Pappas possesses or controls the documents it seeks, and in fact all available information indicates he does not. And even if Mr. Pappas' personal relationship with the trustee means he has a better chance than a stranger would of persuading her to provide the documents despite her ongoing refusal to do so, "the fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite." *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993).

2. **Plaintiff has not met its burden of showing the requested documents are relevant.**

"The party seeking discovery bears the burden of initially showing relevance." *Fed. Hous. Fin. Agency v. Royal Bank of Scotland Grp. PLC*, No. 3:11CV1383 (AWT), 2014 WL 10988157, at *1 (D. Conn. May 13, 2014). The sole remaining issues in this

3

matter concern Mr. Pappas' payment of the judgment against him and compliance with enforcement actions by the Court in connection with this judgment. As indicated in Plaintiff's motion, Mr. Pappas has signed as a guarantor in a transaction related to the purchase of land by the trust. Plaintiff does not claim that Mr. Pappas has improperly withheld documents relating to that transaction. Instead, Plaintiff seeks unspecified documents relating to the trust itself. Plaintiff does not explain why these unspecified documents relating to the trust itself are necessary to understand Mr. Pappas' financial liabilities, nor does it provide any evidence suggesting that Mr. Pappas himself benefits from the trust. Indeed, Plaintiff's speculation that Mr. Pappas does benefit from the trust is premised on an assumption—that Mr. Pappas is financially tied to the trust—that is flatly contradicted by the letter from the trust's own counsel.

### 3. The Appropriate Vehicle for Plaintiff to Seek Production Is Rule 45.

Mr. Pappas does not possess the documents Plaintiff seeks, and he has indicated he cannot obtain them despite efforts to do so. Plaintiff is fully aware of the identities of both the trust's trustee and the trust's counsel. As Rule 34 instructs with respect to materials held by non-parties, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c).

Addressing the issue of a party's failure to produce documents in the possession of a third party, the Second Circuit has pointed to precisely this mechanism as obviating the need for—and hence the appropriateness of—compelled disclosure by a party not in possession of the documents. The Court explained:

> [A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain.... **We also think it fairly obvious that a party also need not seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents.**

4

However, if a party has access and the practical ability to possess documents not available to the party seeking them, production may be required.

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir.2007) (emphasis added; footnote and citations omitted). Plaintiff's motion offers no account of why Plaintiff has not or cannot seek production of the requested documents via a Rule 45 Subpoena.

## CONCLUSION

For the reasons above, Plaintiff's motion to compel should be denied.

Respectfully submitted,

THE DEFENDANT,
Charles Pappas

OFFICE OF THE FEDERAL DEFENDER

Dated: July 31, 2017    /s/ James P. Maguire
James P. Maguire
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: ct29355
Email: James_Maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James P. Maguire
James P. Maguire