UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA PARRIS | : |
| v. | : Civil No. 3:10CV1128 (WWE) |
| CHARLES PAPPAS, ET AL | : |

RULING and ORDER

Motion to Compel [Doc. #302]

Plaintiff seeks an order compelling production of documents relating to a "Farmer's Hill Trust." **[Doc. #302]**. For the reasons that follow, plaintiff's Motion to Compel and Motion for Costs and Attorneys Fees are **DENIED**.

On September 19, 2016, defendant Pappas disclosed that in 2014 he served as the guarantor for the purchase by an entity called "Farmer's Hill Trust" of a property located at 27 Farmer's Hill Road, Andover, Maine. In a response to an Interrogatory dated November 16, 2016, defendant provided further information stating,

> The property was purchased by Farmer's Hill Trust, the trustee of which is Julie Webber, my girlfriend, and the beneficiary of which is Ms. Webber's daughter. The property was purchased from Mr. and Mrs. Shaffer (possibly Bob and Jean). I am not certain of the purchase price but believe it was approximately $27,000, with a $1,000 down payment and $600 monthly payment. I served as guarantor because I wanted to help my girlfriend and the seller wanted an additional person to be made liable for payment.

1

[Doc. #302-3, Pl. Ex. C (Answ. to Interrog. No. 2)]. He added, "I have no relationship with Farmer's Hill Trust." Id. (Answ. to Interrog. No. 3). After plaintiff informed defendant that she believed that his response was inadequate, a supplemental response consisting of a letter dated February 9, 2017, from an attorney in Maine was provided, stating that he had reviewed the trust documents and reporting that "Charlie Pappas is not a grantor, trustee or beneficiary of said Trust. Nor is he is [sic] mentioned anywhere in the language of the Trust." [Doc. #302-4, Pl. Ex. D].

On June 15, 2017, plaintiff again requested that Mr. Pappas provide copies of the Trust documents. [Doc. #302-5, Pl. Ex. E]. Defendant's counsel responded that, "Mr. Pappas has informed me that he has requested the trust documents from his girlfriend and she has refused to provide them to him." Id.

Rule 26(b)(1) of the Federal Rules of Civil Procedure outlines the scope of discovery. Under the Rule, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevance involves a consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

2

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Even when a request seeks relevant matter, the court can limit such discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). See During v. City Univ. of New York, No. 05 CIV. 6992(RCC), 2006 WL 2192843, at *4 (S.D.N.Y. Aug. 1, 2006) ("Even if the information sought is relevant, courts have the authority to forbid or to alter discovery that is unduly burdensome.").

The Court agrees with plaintiff that the Trust documents are relevant and the discovery request is proper, pursuant to Fed. R. Civ. P. 26(b)(1), to determine whether "Defendant Pappas is benefiting from this property or the trust." [Doc. #302 at 3]. However, the Court disagrees with plaintiff's argument that Pappas should be compelled to produce the Trust documents because "he has shown that he has some level of access to the documents by producing a letter from an attorney who reviewed them." Id. Rather, plaintiff must accept defendant's representation that "he has requested [the responsive] documents from his significant other, who denied the request." [Doc. #306 at

3

1]. (citing Pl. Ex. E)].

> It is well-established that "a party is not obliged to produce...documents that it does not possess or cannot obtain." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007). Pursuant to Fed. R. Civ. P. 34, a party may serve on another party a request "to produce ... items in the responding party's possession, custody, or control." A party "controls documents that it has the right, authority, or ability to obtain upon demand." Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D. Conn. 1989) (citations omitted). Plaintiffs bear the burden of establishing that the documents are in GE's control. See Pitney Bowes, Inc. v. Kern Int'l, Inc., 239 F.R.D. 62, 66 (D. Conn. 2006).

Grayson v. Gen. Elec. Co., No. 3:13-cv-1799(WWE)(WIG), 2016 WL 1275027, at *1 (D. Conn. Apr. 1, 2016). Plaintiff has not sustained her burden of showing the requested documents are within defendant's possession, custody, or control. Defendant has made a showing that he is not a grantor, trustee or beneficiary of the Trust and that he does not possess copies of the relevant documents. Further, he states he has requested the documents from his girlfriend and she refuses to provide them. See Fed. R. Civ. P. 26(1)(A)(ii)(requiring the initial disclosure of "a copy...of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."); Fed. R. Civ. P. 34(a)(1)(authorizing service of discovery requests for certain "items in the responding party's

4

possession, custody, or control"); Fed. R. Civ. P. 45(a)(1)(iii)(requiring subpoenas which "command each person to whom it is directed to...produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control").

> Courts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand. Starlight International v. Herlihy, 186 F.R.D. 626, 635 (D. Kan. 1999). "Control" comprehends not only possession, but also the right, authority, or ability to obtain the documents. Super Film of Am., Inc. v. UCB Films, Inc., 219 F.R.D. 649, 651 (D. Kan. 2004). Therefore, Rule 34(a) enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence the person in whose possession the documents lie. Id. The party seeking production of the documents bears the burden of proving that the opposing party has the control required under Rule 34(a). Id.

Tomlinson v. El Paso Corp., 245 F.R.D. 474, 476-77 (D. Colo. 2007).

Rule 34 of the Federal Rules of Civil Procedure provides a mechanism under Rule 45 to subpoena the Trustee, "a nonparty...to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45.

Plaintiff may seek the assistance of the Court should the Trustee fail to comply with a subpoena.

Accordingly, plaintiff's Motion to Compel and Motion for Costs and Attorney's Fees are **DENIED. [Doc. #302]**.

August 29, 2017 Contempt Hearing

Plaintiff having moved for a renewed order for contempt and imposition of sanctions up to and including confinement until defendant Charles Pappas purges his contempt, **[Doc. #274]**, it is hereby ORDERED that the defendant, Charles Pappas, appear before the District Court in Courtroom Four - Annex, 915 Lafayette Boulevard, Bridgeport, Connecticut, at **11:00 AM** on **August 29, 2017,** then and there to be examined under oath concerning his assets and ability to pay the judgment entered against him. The Court may make such orders at the hearing or thereafter that it determines to be reasonably calculated to facilitate payment of the judgment.

The defendant is advised that failure to appear before the Court at the scheduled time and place may subject the defendant to being held in Contempt of Court and having a Capias Writ issue, that is an order to the U.S. Marshal to take him into custody and bring him before the Court. It is FURTHERED ORDERED that this order be served by certified mail, return receipt requested, upon Charles Pappas by no later than August 11, 2017.

SO ORDERED at Bridgeport this 3rd day of August 2017.

                     /s/
                     HOLLY B. FITZSIMMONS
                     UNITED STATES MAGISTRATE JUDGE