UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONNA PARRIS

v.                                     Civil No. 3:10CV1128 (WWE)

CHARLES PAPPAS, ET AL

RECOMMENDED RULING ON DEFENDANT'S MOTION TO RECONSIDER OR MODIFY RECOMMENDED ORDER ON MOTION FOR CONTEMPT [DOC. #313]

On October 5, 2017, this Court issued a recommended ruling and order finding defendant Charles Pappas in contempt of Judge Eginton's January 19, 2016 Order. [Doc. #312]. Defendant moves the Court to reconsider and modify, "in a limited respect," the Court's Order, taking into account factual developments since the entry of the Order.[1] Plaintiff objects to the modification of the Order.

For the reasons that follow, defendant's Motion to Reconsider or Modify Recommended Order on Motion for Contempt **[Doc. #313]** is **GRANTED in part and DENIED in part**. Upon reconsideration, the Court adheres to the Recommended Ruling and

---

[1] Defendant does not seek reconsideration of the Court's finding on contempt. The grounds for the entry of contempt are unchanged. Defendant has not tendered payment of the Barbara Street sale proceeds in the amount of $47,844.28. He did not pay plaintiff the proceeds from the sale of Normandies Park, and only belatedly, on September 29, 2017, did he provide copies of his bank statements for 2017.

Order and **DENIES** defendant's request to modify the Order. [Doc. #312].

On October 5, 2017, defendant concluded the sale of Normandies Park. He states that at the time of the August 29, 2017, hearing on the Motion for Sanctions and Finding of Contempt, he was

> engaged in ongoing efforts to sell the Normandies Park trailer park and adjacent properties in a transaction that contemplated that the purchaser of the property would make payments to Plaintiff in an undetermined amount of between $400 and $500 per month for a period of five years. <u>It appears that these contemplated payments are the "Normandies Park stream of income" referenced in the recommended ruling.</u>

[Doc. #313 at 1 (emphasis added)]. The Court's reference to the "Normandies Park stream of income" was in the event Mr. Pappas started to pay Ms. Parris rental income that to date had not been paid. At the time of the hearing and through the filing of the recommended ruling, defendant made no record, or other showing, that there was a pending sale of the Normandies Park, LLC properties or any agreement with a prospective purchaser as he has set forth above.

While plaintiff was indeed paid $28,000 on October 5, 2017, the payment was made by David Scott Heap, an unrelated third party. Contrary to representations made in the Motion for Reconsideration, the $28,000 was not <u>equity proceeds</u> from the sale of Normandies Park but rather a payment Ms. Parris was able

2

to negotiate with Mr. Heap, the new owner, by virtue of her judgment lien.[2] Mr. Pappas did not make this payment.

Nevertheless, defendant argues that this lump-sum payment "resulted in a single substantial payment rather than a slower 'stream of income' as contemplated by the order." [Doc. #313 at 2]. He reasons that the payment of $28,000 is the

> equivalent to monthly payments of $466 for five years. In order to effectuate the intent of the Court's order in light of the factual development not known to the Court at the time of the Order, defendant respectfully requests that the payment schedule of $800 per month be modified to reflect this payment, resulting in a monthly payment due of $334.

Id. Plaintiff points out that she filed a judgment lien on Normandies Park; "[a]s such, Ms. Parris has always been entitled to the proceeds of the sale of Normandies Park up to the value of her judgment." [Doc. #318 at 3]. Thus, "[t]o permit Pappas to offset repayment of the proceeds from the sale of the Barbara Street property with proceeds from the sale of Normandies Park would essentially allow him to repay Ms. Parris with her own money." Id. Further, she argues that

> [i]t would be doubly unjust to reduce the amount Pappas has been ordered to pay based on Ms. Parris's agreement with the new owner of Normandies Park because Pappas substantially dissipated the value of Normandies Park by failing to pay any taxes on the property over the past five or more years.

---

[2] Defendant states that "[s]ubsequent to the hearing, [he] concluded the sale of the properties. The proceeds of that sale, $28,000 were provided to Plaintiff in a single lump sum payment." [Doc. #313 at 2].

3

> ...
>
> Pappas allowed these taxes to accrue despite
> receiving, and failing to turn over to Ms. Parris
> approximately $100,000 in excess rent since judgment
> and the order to turn over rents entered.
> ...
>
> Allowing Pappas to benefit from the $28,000 payment to
> Ms. Parris by Mr. Heap would reward Pappas's prior
> defiance of the Court's orders and further diminish
> her recovery from Normandies Park, LLC and her
> judgment lien.

<u>Id.</u> The Court agrees. The Motion to Modify the Order is DENIED on this record.

<u>CONCLUSION</u>

Accordingly, defendant's Motion to Reconsider or Modify Recommended Order on Motion for Contempt **[Doc. #313]** is **GRANTED in part and DENIED in part**. Upon reconsideration, the Court adheres to the Recommended Ruling on Plaintiff's Renewed Motion for Sanctions and Finding of Contempt [Doc. #274]. [Doc. #312]. The Court's Order dated October 5, 2017 remains in effect.

This is a Recommended Ruling. <u>See</u> Fed. R. Civ. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with order. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen days may preclude appellate review. <u>See</u> 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b); and

D. Conn. L. Civ. R. 72.2; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at Bridgeport this 4th day of December 2017.

                    /s/
                HOLLY B. FITZSIMMONS
                UNITED STATES MAGISTRATE JUDGE